325 F.3d 1178
 Stella KASZA, Plaintiff-Appellant, and
Klas; DR Partners dba Las Vegas Review-Journal, Intervenors,
v.
Christine Todd WHITMAN,* Administrator, United States Environmental Protection Agency, Defendant-Appellee.
Helen Frost, Plaintiff-Appellant, and
Klas; DR Partners dba Las Vegas Review-Journal, Intervenors,
v.
Donald H. Rumsfeld,** Secretary of Defense, Defendants-Appellees.
 No. 00-16378.
 No. 00-16379.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 14, 2002.
 Filed April 14, 2003.
 
 Jonathan Turley, Environmental Advocacy Law Center, George Washington University, Washington, D.C., for the plaintiffs-appellants.
 Ronald Spritzer, Department of Justice, Environment & Natural Resources Division, Washington, D.C., for the defendants-appellees.
 Roger R. Myers and Monica C. Hayde, Steinhart & Falconer LLP, San Francisco, CA, for intervenor and amicus curiae DR Partners dba Las Vegas Review-Journal.
 Appeal from the United States District Court for the District of Nevada; Philip M. Pro, District Judge, Presiding. D.C. No. CV-94-00795-PMP, D.C. No. CV-94-00714-PMP.
 Before WOOD, Jr.,*** RYMER, and TASHIMA, Circuit Judges.
 Opinion by Circuit Judge RYMER; Concurring opinion by Circuit Judge HARLINGTON WOOD, Jr.
 OPINION
 RYMER, Circuit Judge.
 
 
 1
 These appeals are from the district court's refusal on remand to award attorney's fees in Frost v. Rumsfeld, and from its order in both Frost and Kasza v. Whitman approving redaction of a previously sealed transcript before unsealing it.[1] The facts and our conclusion with respect to applicability of the state secrets privilege are set forth in Kasza v. Browner, 133 F.3d 1159 (9th Cir.1998), and we do not repeat them. We affirm.
 
 
 2
 * Frost argues that the district court erred in a number of respects by denying her request for attorney's fees. However, since the district court's original decision and our remand, the Supreme Court rejected the catalyst theory upon which Frost's application was predicated in Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). It held that there must be a judicial imprimatur which alters the parties' legal relationship in order for a party to be a prevailing party for purposes of an award of attorney's fees. We have subsequently held that Buckhannon's rationale applies to similar fee-shifting statutes. See Bennett v. Yoshina, 259 F.3d 1097 (9th Cir.2001); Perez-Arellano v. Smith, 279 F.3d 791 (9th Cir.2002). Although the fee-shifting provision of the Resource Conservation and Recovery Act of 1976, 42 U.S.C. § 6972(e), is differently phrased in that it provides for an award "to the prevailing or substantially prevailing party," Frost is not a "prevailing party" (and thus cannot be a substantially "prevailing party") because she did not gain by judgment or consent decree a material alteration of the legal relationship of the parties.[2] Accordingly, she does not qualify for attorney's fees.
 
 II
 
 3
 Frost, Kasza and DR Partners submit that the district court's redaction order is infirm for several reasons.[3] First, they argue that the court misinterpreted the scope of our mandate on remand by failing to consider whether it should unseal "related materials" as well as the transcript of the June 20, 1995 hearing. We do not agree. Kasza's argument on the original appeal focused on the transcript, as did her argument on remand. She did not ask the district court to clarify its ruling, which was limited to the transcript, or to reconsider it. In these circumstances we cannot fault the district court for its approach.
 
 
 4
 Kasza further contends that the court did not engage in a reasoned evaluation of the government's proposed redactions. Again, we disagree. The court was fully familiar with the history of this litigation, including classified declarations that explained the mosaic theory of classification and its relationship to these cases and to the matters at issue in the June 20 hearing. We previously upheld the district court's finding that an Air Force manual which Kasza said was publicly available was classified. Kasza, 133 F.3d at 1170 n. 9. On remand, the court compared the proposed redacted version of the transcript with the unredacted version, and found that the redactions were consistent and classified. Even though some of the redactions may seem innocuous when viewed in isolation, we cannot say that the court abused its discretion in applying the mosaic theory or in redacting the transcript. See Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir.1995) (reviewing denial of access to records for abuse of discretion).
 
 
 5
 Kasza's reliance on Freedom of Information Act cases such as Wiener v. FBI, 943 F.2d 972 (9th Cir.1991), for the proposition that the district court should have made specific findings with respect to each particular redaction is misplaced, because we have already determined that the state secrets privilege applies. Nor was the basis upon which the government requested, and the district court approved, redaction inadequate. Declarations in the record offer sufficient support. As we explained in our prior opinion, based on our in camera review of classified declarations, we held "that the scope of the privilege asserted by the Air Force was not overbroad." Kasza, 133 F.3d at 1170.
 
 
 6
 Finally, Kasza maintains that she should have been heard on the merits of the proposed redactions. She was, of course, given the opportunity to argue whether the state secrets privilege applies at all. However, having lost on that issue and her case having been dismissed on account of it, her interest in discrete redactions from the transcript is remote and was adequately considered through the briefing that was submitted.
 
 
 7
 Finally, Kasza and DR Partners note that the public's First Amendment interest in access to court records may be overcome only by an overriding interest that closure is essential and narrowly tailored. See, e.g., Press-Enter. Co. v. Superior Court, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986); Associated Press v. United States Dist. Court, 705 F.2d 1143 (9th Cir.1983). However, we have already accepted the government's position that disclosure of protected information in these cases risks significant harm to national security. Kasza, 133 F.3d at 1170. Public release of redacted material is an appropriate response. This leaves only the question whether the court acted within its discretion by unsealing only the redacted version of the June 20 transcript. We believe that it did.
 
 
 8
 AFFIRMED.
 
 
 
 Notes:
 
 
 *
 Christine Todd Whitman is substituted for her predecessor, Carol M. Browner, as Administrator for the United States Environmental Protection Agency. Fed. R.App. P. 43(c)(2)
 
 
 **
 Donald H. Rumsfeld is substituted for his predecessor, William Cohen, as Secretary of Defense. Fed. R.App. P. 43(c)(2)
 
 
 ***
 Honorable Harlington Wood, Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation
 
 
 [1]
 DR Partners dba Las Vegas Review-Journal intervened on appeal and also filed an amicus brief in support of the position taken by Frost and Kasza on redaction
 
 
 [2]
 Neither did Frost prevail as the result of "a legally enforceable settlement agreement against the defendant."Barrios v. Calif. Interscholastic Fed'n, 277 F.3d 1128, 1134 & n. 5 (9th Cir.2002).
 
 
 [3]
 We will refer to these parties collectively as "Kasza" unless context otherwise requires
 
 
 
 9
 HARLINGTON WOOD, Jr., Circuit Judge, concurring.
 
 
 10
 While I recognize that the current posture of the case makes it impossible to reopen our original opinion, Kasza v. Browner, 133 F.3d 1159 (9th Cir.1998), I feel that I must write separately in this successive appeal. I strongly believe that the unusual nature of this case warrants special consideration, both by the court and by the government.
 
 
 11
 Our original decision was issued on January 8, 1998, back in the days of President Clinton. I concurred in that well written opinion without any reservations. In that opinion, we held that the state secrets privilege applied to bar discovery of the information sought by plaintiffs and that the scope of the privilege as asserted by the Air Force was not overbroad. Id. at 1169-70. We recognized that, under the mosaic theory, even the existence or nonexistence of hazardous waste at the site was national security information. Id. Because discovery was denied, plaintiffs could not present a prima facie case, and the district court's grant of summary judgment in each case was affirmed. However, the matter was remanded for further proceedings on several post-judgment rulings. Id. at 1174-75. These post-judgment issues serve as the basis for this successive appeal.
 
 
 12
 After oral argument in the successive appeal, I initially indicated my approval of the draft submitted by Judge Rymer. However, while the case was still pending, I viewed a History Channel documentary entitled "Area 51: Beyond Top Secret." I have sent the other panel members copies of this documentary. Ordinarily I would not consider something that appeared on the television and was not a part of the record. I recognize that the information contained in the video has not been confirmed or denied by the government, and this concurrence is not intended to vouch one way or the other as to its truth. I do, however, believe this documentary is pertinent. In the documentary, counsel for plaintiffs, Professor Jonathan Turley of George Washington University, makes the point that all he wanted for his clients in these cases was to gain knowledge that would aid in their treatment, and not a big money judgment against the government. I write separately to urge the government, now that these cases are concluded, to strongly consider releasing any information possible which might aid plaintiffs. That is unless, of course, there is no information which might help them, or if the disclosure of any helpful information that may exist would still risk significant harm to national security under the mosaic theory.
 
 
 13
 Clearly, Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), precludes the recovery of attorney's fees as the case now stands because plaintiffs cannot meet the "prevailing party" requirement. However, as the majority notes at footnote 2, plaintiffs could claim prevailing party status if they were to obtain a legally enforceable settlement agreement. See Barrios v. Calif. Interscholastic Fed'n, 277 F.3d 1128, 1134 n. 5 (9th Cir.2002). If the government sees fit to help the plaintiffs by providing further information, it could also enter into a settlement agreement, notwithstanding the late stage of the litigation, which would allow plaintiffs to recover reasonable attorney's fees.