JOSEPH R. GOODWIN, UNITED STATES DISTRICT JUDGE
I. Introduction
Pending before the court is the Motion for an Award of Attorneys' Fees and Expenses, filed by plaintiff Sanitary Board of *617 the City of Charleston, West Virginia ("Sanitary Board") on April 12, 2018 [ECF No. 42]. For the reasons stated below, the Motion is DENIED .
II. Discussion
Sanitary Board moves for an award of attorneys' fees and expenses for Count I of its original Complaint pursuant to Federal Rule of Civil Procedure 54(d) and the Clean Water Act's fee-shifting provision, 33 U.S.C. § 1365(d). Sanitary Board claims it is entitled to fees relating to Count I based on the "catalyst theory," which provides that a party may be entitled to fees even without a judgment on the merits if that party shows its lawsuit was causally linked to securing the relief sought. See Ohio River Valley Envtl. Coal., Inc. v. Green Valley Coal Co. , 511 F.3d 407, 414 (4th Cir. 2007) (describing the catalyst theory). I disagree.
a. Effect of Appeal
Initially, the court notes that it is within the discretion of the trial judge to rule on Sanitary Board's ripe motion for fees, given that an appeal on the merits of the case is pending. The Advisory Committee Note to the 1993 Amendment to Rule 54 provides that if a party appeals the merits of the case, "the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54 advisory committee's note to the 1993 amendment; see also Medison Am., Inc. v. Preferred Med. Sys., LLC , No. 05-2390-V, 2008 WL 11411339, at *2 (W.D. Tenn. Jan. 29, 2008) ("Other courts have interpreted the Advisory Committee's notes to mean, and this court agrees, that the decision on which path to take is within the discretion of the trial judge."). Where "the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." Fed. R. Civ. P. 58 advisory committee's note to the 1993 amendment. Here, Counts II, III, IV, and V are currently pending on appeal, but Sanitary Board only seeks fees for Count I. Accordingly, Sanitary Board's claim for fees will not be affected by the appellate decision. The court finds it is in the best interests of the parties and the interest of judicial economy to rule on the Motion despite the pending appeal.
b. Catalyst Theory
The court now turns to Sanitary Board's contention that it is entitled to fees for Count I under § 1365(d) by virtue of the catalyst theory. Though the court dismissed Count I, Sanitary Board claims it is entitled to fees because the filing of Count I of its original Complaint "catalyzed" Defendant U.S. Environmental Protection Agency ("EPA") to comply with its non-discretionary duty to issue a decision on the Copper Standard. EPA counters that the catalyst theory is inapplicable to the Clean Water Act ("CWA") because the statute contains a "prevailing party" provision.
Under the "American Rule" of civil litigation, parties to a lawsuit ordinarily pay their own attorney's fees. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y , 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Several exceptions to this rule exist, most notably in certain statutory fee-shifting provisions that permit or require a court to order one party to pay the fees and costs of another. Statutory fee-shifting provisions generally fall into two categories: "prevailing party" provisions, which allow courts to award fees to the "prevailing party," and "whenever appropriate"
*618 provisions, which typically allow courts to award fees "to any party, whenever the court determines such award is appropriate." See Ohio River Valley , 511 F.3d at 413 ; Loggerhead Turtle v. Cty. Council , 307 F.3d 1318, 1322-23 (11th Cir. 2002). The CWA's fee-shifting provision provides, in pertinent part, that "[t]he [district] court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party , whenever the court determines such award is appropriate." § 1365(d) (emphasis added).
In Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources , 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Supreme Court flatly rejected the catalyst theory for determining whether an applicant for attorney's fees is a "prevailing party" for purposes of the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. §§ 3601 et seq. , and the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq. The FHAA states that "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee and costs ...." 42 U.S.C. § 3613(c)(2). The ADA contains a nearly identical provision, stating that "the court or agency, in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs ...." 42 U.S.C. § 12205.
The Supreme Court began its analysis by stating that the term "prevailing party" is a legal term of art with a "clear meaning." Buckhannon , 532 U.S. at 603, 607, 121 S.Ct. 1835. Quoting from Black's Law Dictionary, the Court explained that "prevailing party" means "[a] party in whose favor a judgment is rendered." Id. at 603, 121 S.Ct. 1835. The Court emphasized that "a plaintiff [must] receive at least some relief on the merits of his claim before he can be said to prevail." Id. at 603-04, 121 S.Ct. 1835 (quoting Hewitt v. Helms , 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) ). In addition, there must be a "judicially sanctioned" change in the legal relationship of the parties; a voluntary change in the relationship between the parties as a result of a lawsuit is insufficient. Id. at 605, 121 S.Ct. 1835. Nonetheless, " Buckhannon and other cases rejecting the catalyst theory under prevailing party provisions do not bar the application of the theory to 'whenever appropriate' provisions." Ohio River Valley , 511 F.3d at 414.
Sanitary Board claims the CWA's fee-shifting provision should be treated as a "whenever appropriate" provision. In support of this assertion, Sanitary Board relies on the Fourth Circuit's holding in Ohio River Valley , where the court held that Buckhannon did not bar catalyst recovery under the "whenever appropriate" provision of the Surface Mining Control and Reclamation Act ("SMCRA"). Id. at 414-15. Sanitary Board's reliance on Ohio River Valley , however, is misplaced.
The CWA differs critically from SMCRA. SMCRA's fee-shifting provision merely states that the court may "award costs of litigation (including attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 30 U.S.C. § 1270(d). Significantly, SMCRA's fee-shifting provision, unlike the CWA, contains no requirement that a party be a prevailing or substantially prevailing party. Sanitary Board's reliance on Sierra Club v. EPA , 322 F.3d 718 (D.C. Cir. 2003), is likewise erroneous. The Clean Air Act's fee-shifting provision at issue in Sierra Club also lacks any mention of a prevailing party. See *619 42 U.S.C. § 7607(f) ("In any judicial proceeding under this section, the court may award costs of litigation (including reasonable attorney and expert witness fees) whenever it determines that such award is appropriate."). Here, the CWA's fee-shifting provision requires that a party be a prevailing or substantially prevailing party before a court can determine whether a fee award is appropriate. Fee-shifting statutes lacking prevailing party language are simply inapposite to this case.
Sanitary Board argues further that Buckhannon should not apply to statutes such as the CWA that permit a court to award fees not only to a prevailing party but also to a "substantially prevailing party." This assertion also lacks merit. The Fourth Circuit has held that "[t]he term 'prevailing party,' as used in ... fee-shifting provisions is a 'legal term of art,' and is 'interpreted ... consistently'-that is, without distinctions based on the particular statutory context in which it appears." Smyth ex rel. Smyth v. Rivero , 282 F.3d 268, 274 (4th Cir. 2002) (citation omitted). Moreover, numerous courts have expressly held that Buckhannon 's holding applies with equal force to statutes like the CWA that include "prevailing or substantially prevailing party" language. See, e.g., Sierra Club v. City of Little Rock , 351 F.3d 840, 846 (8th Cir. 2003) (Sierra Club was not a prevailing or substantially prevailing party under the CWA because "the judgment did not change the relationship between Sierra Club and the City"); Kasza v. Whitman , 325 F.3d 1178, 1180 (9th Cir. 2003) ("[plaintiff] is not a 'prevailing party' (and thus cannot be a substantially 'prevailing party')" under the Resource Conservation and Recovery Act of 1976 because "she did not gain by judgment or consent decree a material alteration of the legal relationship of the parties"); Pres. Coal. of Erie Cty. v. Fed. Transit Admin. , 356 F.3d 444, 450 n.3 (2d Cir. 2004) (noting that "the terms 'prevailing party' and 'substantially prevails' are fundamentally the same for purposes of determining whether a plaintiff can recover under a fee-shifting statute").
I likewise conclude that Buckhannon precludes application of the catalyst theory under the CWA. Buckhannon held that a plaintiff cannot "prevail" without receiving at least some relief on the merits and obtaining a judicially sanctioned change in its relationship with the defendant. Given this "clear meaning" of "prevailing party," it follows that a plaintiff cannot be a "substantially prevailing party" without procuring the same. See also Smyth , 282 F.3d at 274 (requiring consistent interpretation of the term "prevailing party" regardless of statutory context). As such, the court finds the catalyst theory inapplicable to the fee-shifting provision of the CWA.
In this case, EPA's July 19, 2016 action disapproving Sanitary Board's Copper Standard was entirely voluntary and without judicial imprimatur; notably, the court dismissed the sole count for which Sanitary Board seeks fees. Sanitary Board did not receive any relief on the merits of Count I and failed to obtain a judicially sanctioned change in its relationship with EPA. Accordingly, Sanitary Board is not a "prevailing or substantially prevailing party" under the CWA and therefore cannot recover attorneys' fees for Count I.
III. Conclusion
The plaintiff's Motion for an Award of Attorneys' Fees and Expenses [ECF No. 42] is DENIED . The court DIRECTS the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.