**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-2385

SANITARY BOARD OF THE CITY OF CHARLESTON, WEST VIRGINIA,

Plaintiff – Appellant,

v.

ANDREW WHEELER, Acting Administrator of the United States Environmental Protection Agency; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Defendants – Appellees.

------------------------------

OHIO VALLEY ENVIRONMENTAL COALITION, INC.; SIERRA CLUB; WEST VIRGINIA HIGHLANDS CONSERVANCY, INC.; WEST VIRGINIA RIVERS COALITION, INC.,

Amici Supporting Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:16-cv-03060)

Argued: January 29, 2020                    Decided: April 9, 2020

Before AGEE, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Paul Thomas Nyffeler, AQUALAW PLC, Richmond, Virginia, for Appellant. Tamara N. Rountree, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. Derek Owen Teaney, APPALACHIAN MOUNTAIN ADVOCATES, Lewisburg, West Virginia, for Amici Curiae. **ON BRIEF:** F. Paul Calamita III, Justin W. Curtis, AQUALAW PLC, Richmond, Virginia, for Appellant. Jeffrey Bossert Clark, Assistant Attorney General, Eric Grant, Deputy Assistant Attorney General, Mark Haag, Sarah A. Buckley, Chloe Hamity Kolman, Environment and Natural Resources Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Thomas Glazer, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Sanitary Board for the City of Charleston, West Virginia (the "Sanitary Board") appeals from the district court's denial of its motion for statutory attorneys' fees under the Clean Water Act's ("CWA") fee-shifting provision, 33 U.S.C. § 1365(d). For the following reasons, we affirm.

I.

The Sanitary Board operates a public wastewater treatment plant that provides service to approximately 25,000 residents in and around Charleston, West Virginia. As part of its efforts to renew the plant's National Pollutant Discharge Eliminating System permit, the Sanitary Board sought to relax its copper discharge limit in order to avoid costly upgrades. After the West Virginia Department of Environmental Protection ("WVDEP"), West Virginia Legislature, and West Virginia Governor signed off on a new copper water quality standard (the "proposed standard"), the Sanitary Board submitted the proposal to the EPA for its review on June 25, 2015.

Under 33 U.S.C. § 1313(c)(3), the EPA had 60 days from that date to notify WVDEP whether the proposed standard complied with the CWA. If during its assessment the EPA determined the proposed standard did not comply, it had an additional 30 days to inform WVDEP what changes would achieve compliance. *See id.*

In reviewing the Sanitary Board's proposed standard, the EPA did not meet either of these statutory deadlines. On October 2, 2015 (beyond the combined 90-day deadline of September 23, 2015), WVDEP received an unsolicited letter from the EPA stating that it

3

was "still considering the potential impact of this site-specific criterion on federally listed threatened and endangered species and [was] not taking a CWA [§ 1313(c)(3)] action at this time." J.A. 64.

Two months later, on December 18, 2015, the Sanitary Board served the EPA with a 60-day Notice of Intent to file suit. The Sanitary Board then waited an additional 104 days before commencing this litigation on March 31, 2016. Relevant to this appeal, the Sanitary Board alleged in Count I of its Complaint that the EPA had violated its non-discretionary duty to notify WVDEP of its decision within the CWA's statutory deadline. The Sanitary Board also sought a declaratory judgment that the EPA had violated its nondiscretionary duty under the CWA to timely review the proposed standard and an injunction directing the EPA to act. In its Answer, the EPA admitted that it had not taken final agency action within the requisite time.

The Sanitary Board then filed a motion for judgment on the pleadings. Instead of filing a response, the EPA moved to hold the case in abeyance for 45 days so that it could continue its review. Specifically, the EPA averred that "[t]his short abeyance would allow [it] to expedite the action" so that it could "complete its review of the [proposed standard] and take final action." J.A. 113, 115; *see also* J.A. 118 (representing that the EPA could "complete final action within 45 days of" its abeyance motion). The district court denied the abeyance request, but gave the EPA 45 days to complete its review or file a response to the Sanitary Board's motion. The court noted that it was "hopeful that a short extension of time [would] permit the EPA to take final action on the matter at the heart of this dispute." J.A. 123. Before the 45 days expired, the EPA sent a letter to WVDEP stating

4

that it disapproved the proposed standard. Having obtained the final review it sought in Count I, the Sanitary Board did not oppose the EPA's motion to dismiss that count.

Nearly two years later—after the district court dismissed the Sanitary Board's revised claims in its Amended Complaint—the Sanitary Board moved for statutory attorneys' fees and expenses arising from Count I in its original Complaint. The CWA's fee-shifting statute provides that

> The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any *prevailing or substantially prevailing party*, whenever the court determines such award is appropriate.

33 U.S.C. § 1365(d) (emphasis added). The Sanitary Board argued that it was entitled to fees as a "substantially prevailing party" because its Complaint "catalyzed" the EPA to take the action requested in Count I.

Denying the motion, the district court found that the Supreme Court's decision in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), "flatly rejected the catalyst theory for determining whether an applicant for attorney's fees is a 'prevailing party[.]'" *Sanitary Bd. of the City of Charleston, W. Va. v. Pruitt*, 336 F. Supp. 3d 615, 618 (S.D. W. Va. 2018). Concluding that the CWA's "fee-shifting provision requires that a party be a prevailing or substantially prevailing party *before* a court can determine whether a fee award is appropriate," *id.* at 619, the court determined that *Buckhannon*'s holding "applies with equal force to statutes like the CWA," *id.* "Given th[e] 'clear meaning' of 'prevailing party,'" the court determined that a plaintiff could not be a "substantially prevailing party" without procuring

5

"at least some relief on the merits and obtaining a judicially sanctioned change in its relationship with the defendant." *Id.* (quoting *Buckhannon*, 532 U.S. at 603, 307). As a result, the court found that the Sanitary Board was not a "substantially prevailing party" because the EPA's action disapproving the proposed standard "was entirely voluntary and without judicial imprimatur." *Id.*

The Sanitary Board filed a timely notice of appeal. This Court has jurisdiction under 28 U.S.C. § 1291.

## II.

### A.

Ordinarily, we review a district court's denial of attorneys' fees for abuse of discretion. *Nat'l Org. for Marriage, Inc. v. United States*, 807 F.3d 592, 597 n.3 (4th Cir. 2015). However, we "review *de novo* [a district court's] legal determination of whether a party has achieved sufficient success to be eligible for a fee award" under a "prevailing or substantially prevailing" provision. *See Ohio River Valley Envtl. Coal., Inc. v. Green Valley Coal Co.*, 511 F.3d 407, 413 (4th Cir. 2007); *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 274 (4th Cir. 2002).

### B.

This appeal asks us to determine whether a fee award is available under the CWA when a party's claim has been mooted by government conduct in apparent response to the lawsuit. In considering that question, both the Sanitary Board and the EPA ask us to clarify what it means to be a "substantially prevailing party" under the CWA's fee-shifting statute.

6

Unsurprisingly, they present conflicting definitions of that term. The Sanitary Board argues that "prevailing party" and "substantially prevailing party" were intended to have distinct meanings. In its view, the "prevailing party" provision should allow courts to grant fees only when a party obtains relief on the merits of a claim through a judicially sanctioned, involuntary change in the legal relationship of the parties. Conversely, the Sanitary Board proposes that the "substantially prevailing party" provision permits courts to grant fees under the catalyst theory whenever a party has obtained some of the relief it sought—judicially sanctioned or otherwise—as a result of bringing suit.

In contrast, the EPA emphasizes that the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties," which "must be marked by judicial imprimatur." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016).[1] Therefore, it contends that under a plain reading of the CWA's fee-shifting statute, the only distinction that Congress intended was between a party who obtained the requisite, judicially sanctioned relief on all its claims—a "prevailing party"—and a party who obtained the requisite relief on only some of its claims—a "substantially prevailing party."

We need not resolve this conflict now, however, because we conclude that even if the Sanitary Board's definition is correct and the catalyst theory has any continued relevance under the CWA after *Buckhannon*—a holding we do not make in this case—the

---

[1] We have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

7

Sanitary Board would not be entitled to attorneys' fees because its lawsuit did not catalyze the EPA's actions. *See Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 75 n.13 (4th Cir. 2016) ("In our review, we may affirm on any grounds supported by the record, notwithstanding the reasoning of the district court.").

Under the catalyst theory, "parties who obtain, through settlement or otherwise, substantial relief prior to adjudication on the merits" may be eligible for attorneys' fees. *Ohio River Valley Envtl. Coal.*, 511 F.3d at 414. To be considered a "catalyst," a plaintiff must satisfy three factors: (1) the defendant's actions must provide it with "some of the benefit sought" in the lawsuit; (2) its claims must not have been "frivolous"; and (3) the lawsuit must have been "a substantial or significant cause of [the defendant's actions] providing relief." *Id.* at 415 (quoting *Sierra Club v. EPA*, 322 F.3d 718, 726 (D.C. Cir. 2003)). On the record before us, we conclude that the Sanitary Board cannot satisfy the third factor.

At no point during the events giving rise to this litigation did the EPA suggest that it was refusing to act on the Sanitary Board's proposed standard. In fact, it did the opposite. Long before the Sanitary Board indicated it was going to bring suit, the EPA sent WVDEP an unsolicited and unprompted letter maintaining that it was "*still considering* the [standard's] potential impact" after the expiration of the statutory deadline and that it would not be taking a final action "*at th[at] time*." J.A. 64 (emphasis added). Similarly, when faced with the Sanitary Board's motion for judgment on the pleadings, the EPA represented to the district court that it needed only 45 days to "*complete* its review" of the proposed standard and that it could "*complete* final action" within that time period. J.A. 115, 118

8

(emphasis added). These statements plainly indicate that the EPA's review was ongoing both before the Sanitary Board brought suit and throughout the duration of the litigation. In other words, the Sanitary Board's Complaint did not spur the EPA into action.

This conclusion is consistent with how we have applied the catalyst theory in past cases. For example, we have found that a party's lawsuit was not the "substantial or significant cause of [the defendant's actions] providing relief," *Ohio River Valley Envtl. Coal.*, 511 F.3d at 415, when the record showed that the agency simply took action after the suit commenced on a matter already under its review. *See, e.g.*, *Reinbold v. Evers*, 187 F.3d 348, 363 (4th Cir. 1999) (holding that "the mere filing of a claim . . . in federal district court and subsequent compliance by an agency [with a non-discretionary requirement] does not mean that the plaintiff" is entitled to fees under the catalyst theory); *see also Ctr. for Biological Diversity v. Norton*, 262 F.3d 1077, 1081–82 (10th Cir. 2001) (holding that a party failed to prove it had catalyzed the Department of the Interior's non-discriminatory action when the Agency submitted evidence that it was considering the plaintiff's request well before the lawsuit was filed). Such was the case here.

Because the Sanitary Board cannot show on this record that its lawsuit was "a substantial or significant cause of" the EPA's determination, it does not matter which party's definition would be applied to the term "substantially prevailing party" because the district court would not have erred in denying the motion for attorneys' fees under either.[2]

---

[2] We also reject the Sanitary Board's alternate argument that it was a "prevailing party" under the CWA based on the district court's order granting the EPA an extension of time to respond to the motion for judgment on the pleadings. As a threshold matter, the (Continued)

III.

For these reasons, the judgment of the district court is

*AFFIRMED.*

---

Sanitary Board failed to raise this issue before the district court, so it is waived. *See Williams v. Prof'l Transp. Inc.*, 294 F.3d 607, 614 (4th Cir. 2002) ("Issues raised for the first time on appeal are generally not considered absent exceptional circumstances."). But even if we were to reach the argument, we would reject it because the Sanitary Board misreads the district court's underlying order, which neither constituted a ruling on the merits nor directed the EPA to take any action whatsoever. The order's only effect was to extend the EPA's deadline to respond to the Sanitary Board's pending motion. Nowhere did it direct or require the EPA to respond or take action on the Sanitary Board's proposed standard. That the EPA chose to do so before responding to the Sanitary Board's motion does not transform the scope of the court's order. As this Court held in *Smyth*, "a voluntary, unilateral act is not enough for the opposing party to be said to have prevailed." 282 F.3d at 278. Therefore, the Sanitary Board was not a "prevailing party" in this litigation.